**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LISA TARDIFF,
Plaintiff,

v.

LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION 609, CHRISTOPHER MURPHY, and WENDALL GARDNER,
Defendants

C.A. No. 23-cv-40115-MRG

Leave To File Granted
December 18, 2023

**REPLY BRIEF OF DEFENDANTS**

Defendants offer this Reply to Lisa Tardiff's opposition to their motion to dismiss.[1]

**A. Ms. Tardiff offered no opposition to several arguments**

Defendants have moved to dismiss a substantial portion of Plaintiff Lisa Tardiff's 11-count complaint, and Ms. Tardiff has declined to offer any opposition to several arguments. As such, the following claims should be dismissed as unopposed:

- There is no individual liability under Title VII (Doc. 11, p. 5): Counts II and IV as to Mr. Gardner and Mr. Murphy
- Workers' compensation precludes common law claims against Local 609 (Doc. 11, p. 10-12): Count VI (Negligent Supervision) and Count VIII (Intentional/Negligent Infliction of Emotional Distress)[2]
- Workers' compensation precludes common law negligence claims against individuals for workplace injuries. (Doc. 11, p. 12): Count VII (negligent infliction of emotional distress)
- Plaintiff failed to state a claim on the elements of both negligent and intentional infliction

[1] To the extent that Defendants do not address any specific issue in Plaintiff's opposition, Defendants continue to rely on the grounds argued in their motion.

[2] In note 2, by blatantly omitting her condition that Defendants would have to forego dismissal of other claims, Ms. Tardiff unfortunately misrepresents her offer to make certain amendments to the Complaint. Moreover, Plaintiff should have amended her complaint as a matter of right, per Fed. R. Civ. P. 15(a)(1)(B), if she believed those counts failed to state a claim.

of emotion distress against all defendants (Doc. 11., p. 15-17): Counts VII (Mr. Murphy and Mr. Gardner) and Count VIII (Local 609).[3]

B. **The Massachusetts Workers' Compensation Act precludes Count VII for Intentional Infliction of Emotional Distress against Mr. Murphy**

Ms. Tardiff argues that Count VII against Mr. Murphy is not precluded under the Massachusetts Workers' Compensation Act ("WCA").[4] Ms. Tardiff claims that Defendants' arguments "would be against common sense and public policy." Opp. at 6. The heated rhetoric misses the point, which is that the Complaint itself alleges that Mr. Murphy was acting in his role as supervisor by allegedly attempting to "intimidate and silence Ms. Tardiff" from complaining about her alleged gender discrimination that occurred at work. Compl. ¶ 48. This is no different than in *Anzalone v. MBTA*, 403 Mass. 119, 122–23 (1988), where the SJC precluded individual claims against a supervisor who intentionally aggravated the plaintiff's breathing condition by having people smoke near the plaintiff, painting outside his office, and then placing him in a 100-degree room with no ventilation. Whether an action is in the employer's interest does not turn on the severity of the alleged misconduct, but on why the actions were taken. In that Mr. Murphy is *alleged* to have taken these actions *because he was her supervisor*, the Complaint *alleges* they were taken in the interest of the employer. *Compare Horney v. Westfield Gage*, 95 F. Supp. 2d 29, 37 (D. Mass. 2000) (motion to dismiss inappropriate only because complaint did not contain "enough information to determine whether both [defendant] and Plaintiff were acting within the course of their employment when the torts allegedly occurred").

---

[3] Ms. Tardiff only addressed workers compensation preclusion, not the merits.
[4] Defendants did not argue that the 'IIED' claim against Mr. Gardner is precluded, but they did argue it should be dismissed on the merits (Doc. 11, p. 17.), which Ms. Tardiff did not oppose.

**C. <u>While Chapter 151B provides for individual liability in certain cases, Plaintiff did not adequately allege it here</u>**

Ms. Tardiff argues forcefully, albeit conclusorily, that Ch. 151B allows for liability against the individual Defendants as to Chapter 151B. (Opp. at 7). Defendants do not dispute that very general assertion. The point is that Ms. Tardiff does not address the doctrinal details of why there is no individual liability alleged *in the Complaint*. For example, Defendants point out that the retaliation claims against Mr. Gardner and Mr. Murphy do not allege they acted in their personal capacities. (Doc. 11, p. 8-9). As another example, Plaintiff also ignores the argument that Mr. Murphy cannot be individually liable for sexual harassment given that she did not allege he engaged in sexual harassment. (Doc. 11, p. 6-8.) Plaintiff's perfunctory opposition leaves the substance of Defendants' arguments on individual liability functionally ignored on the facts.

D. **<u>The continuing violation theory does not apply to Ms. Tardiff's discrimination claims</u>**

Ms. Tardiff argues that Counts IX and X, for gender discrimination under Ch. 151B and Title VII, should not be dismissed as untimely, under a continuing violation theory. Opp. at 8-9. Her unwarranted claim is that an alleged wage disparity that was resolved on May 31, 2018, is somehow inextricably connected to the allegations concerning Mr. Gardner three years later.

Under Title VII, a claim of a "continuing violation" is evaluated according to the following criteria: (1) whether the subject matter of the discriminatory acts was sufficiently similar such that there was a substantial relationship between the otherwise untimely acts and the timely acts; (2) whether the acts were isolated and discrete or occurred with frequency or repetitively or continuously; and (3) whether the acts were of sufficient permanence that they should have triggered an awareness of the need to assert one's rights. *O'Rourke v. City of Providence*, 235 F.3d 713, 727 (1st Cir. 2001). The "continuing violation" doctrine does not

apply if, at the relevant time, plaintiff was or should have been aware of the discriminatory practice. *Sabree v. United Bhd. of Carpenters Local 33*, 921 F.2d 396, 401-02 (1st Cir. 1990).

Under Ch. 151B, a plaintiff can establish a continuing violation by showing that (1) at least one discriminatory act occurred within the limitation period, (2) the alleged timely discriminatory acts have a substantial relationship to the alleged untimely discriminatory acts, and (3) earlier violations outside the limitations period did not trigger the plaintiff's awareness and duty to assert her rights. *Ocean Spray Cranberries, Inc. v. MCAD*, 441 Mass. 632, 642-43 (2004). The limitation period starts when "the plaintiff knew or reasonably should have known that her work situation was pervasively hostile and unlikely to improve." *Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521, 539 (2001).

Ms. Tardiff was on notice of the pay disparity claim as of 2018. "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Ms. Tardiff cannot recover on the pay disparity claim from 2018.

**E. Ms. Tardiff fails to engage the arguments in favor of dismissing the PFML interference claim**

Defendants have moved for dismissal of Count XII (PFML Interference) because (1) the statutory language does not support Ms. Tardiff's contrived theory of "attempted" interference; (2) allegations that an employer provided false information to the state during claim processing must be resolved through the PFML administrative process; and (3) she failed to allege she was eligible for PFML benefits. Ms. Tardiff does not substantively engage with any of these arguments. In footnote 6, she says there must be individual liability under the PMFLA because

there is individual liability under the FMLA. (Opp., pg. 11, n. 6.) However, the text of the FMLA is materially different than the PFMLA. The FMLA defines employer as "*any person* who acts, directly or indirectly, in the interest of an employer to any of the employees," 29 U.S.C. §§ 2611(4)(A)(ii)(I), 2615(a)(1)–(2)(emphasis added), whereas the PFMLA defines employer with reference to the state unemployment statute ("employing unit"), and which further requires an employer to have a federal Employer Identification Number (which are not issued to individuals). G.L. c. 175M, § 1. The different statutory language compels different results.

Respectfully submitted,

LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION 609, CHRISTOPHER MURPHY, AND WENDALL GARDNER

By their attorneys,

/s/ James A.W. Shaw
James A.W. Shaw, Esq. BBO# 670993
Jocelyn B. Jones, Esq.BBO #640958
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 603-1432
jshaw@segalroitman.com
jjones@segalroitman.com

Dated: December 18, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on December 18, 2023.

/s/ James A.W. Shaw
James A.W. Shaw