**EXHIBIT B**

# SEGAL ROITMAN, LLP

| | | |
|---|---|---|
| PAUL F. KELLY | COUNSELORS AT LAW | ROBERT M. SEGAL (1915-1999) |
| ELIZABETH ARIENTI SLOANE | 33 HARRISON AVENUE | HAROLD B. ROITMAN (1913-2011) |
| NICOLE HORBERG DECTER* | SEVENTH FLOOR | DONALD J. SIEGEL (RETIRED) |
| JAMES A.W. SHAW** | BOSTON, MASSACHUSETTS 02111 | |
| JOCELYN B. JONES | www.segalroitman.com | |
| NATHAN P. GOLDSTEIN* | | |
| NANCY J. SMITH | | |
| PAIGE W. MCKISSOCK | | *Also admitted to the New York Bar |
| JASPER GRONER | | **Also admitted to the New |
| SASHA N. GILLIN | | Hampshire Bar |
| SOPHIE C. ESQUIER | | |
| RYAN MCGOVERN QUINN | | |

By Email: abaer@mirickoconnell.com

Amanda Marie Baer, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP

    Re: <u>Lisa Tardiff</u>

Dear Attorney Baer,

As you are fully aware, on June 18, 2021, you requested that your client, Lisa Tardiff, be placed on paid administrative leave during our "settlement negotiations". It was also the Union's understanding at the time that her earnings would be credited and included in any final settlement of this matter. In response, you were advised that the Local Union agreed to place her on paid administrative leave, with full pension benefits, and would continue paying her during my investigation of this matter. My investigation ended in December of 2021. However, the Local Union then agreed to continue paying your client as we worked toward concluding our settlement negotiations. Unfortunately, two things happened that have served to undercut the notion that your client has been participating in the settlement negotiations in good faith.

First, your client, Lisa Tardiff, (a Caucasian Female) filed a Criminal Complaint against my client, Walter Gardner (an African-American Male). As you are aware, your client's agreement not to file criminal charges was always a condition of settlement requested by the Local Union. This also occurred only FIVE (5) days after I offered your client an opportunity to explain certain disturbing emails containing racist, sexist and sexually inappropriate images that your client had disseminated to a number of people including Marie Murphy, Gardner's (Caucasian) wife, with a note to "have a pleasant one", that were produced to me during the investigation.

As I explained to you at the time, the photos were produced to me by a witness as evidence that supported the notion that Mr. Gardner was targeted and falsely accused of a criminal act by your client in part because he is an African-American man. Instead of providing any explanation whatsoever, your client responded instead by filing a criminal complaint against Gardner five days later for the same allegations that are before the MCAD that had *allegedly happened 7 months previously*. Your client's good faith participation in the investigation was a necessary precursor to the completion of the investigation, the conclusion of which was to inform negotiations on the part of my clients. Tardiff's attempt to further target Gardner by filing

criminal charges against him under the circumstances is not representative of someone negotiating in good faith.

Second, you contacted me early in 2022 to let me know that you would be filing at the MCAD to stop the clock for statute of limitations purposes so as to protect your client's rights. You also said you wanted to make sure the filing was not seen as an aggressive move - but simply what you needed to do and that you wanted me to know that your client wanted to continue negotiating and continue to be paid. I let you know I totally understood and that we could definitely continue negotiating by requesting a stay of the matter before the MCAD, a very common practice to avoid unnecessary expenditure of agency resources and costs for our clients as we were actively negotiating and had hoped to settle the matter. You, as a representative of your client, had agreed to that on the phone with me.

However, instead of keeping your word, while we were still actively negotiating and affirmatively waiting for a response from a counter-offer given to your client a mere two weeks before, you reneged on it, informing me <u>6 minutes after the deadline</u> on which our position statement was due that you were not going to agree to a stay. That your client (who has been getting fully paid to do nothing for nearly a year) did not think the Local was "taking it" seriously enough. Having relied on your word as a fellow Member of the Bar, I had not planned to prepare a position statement as I believed that would not be necessary. As a result of your client's unethical conduct, I had to cancel numerous scheduled meetings and negotiations last minute to put together a position statement. It is obvious from both your client's conduct, the absurd response to our counter-offer, and the refusal to negotiate in good faith that negotiations are now over.

Therefore, effective Monday, May 9, 2022, your client's paid administrative leave will come to an end. To date, she has been fully paid and accruing pension benefits since June 14, 2022. In case you do not know, **hundreds of individual members of Local 609, who work tirelessly in the field as Laborers on overnight construction sites on highways, and building projects across the state, have been funding your client's paid administrative leave through their payment of their union dues.** Given that your client has refused to negotiate in good faith, the parties are obviously no longer "negotiating" and the agreement that we continue to pay your client while we do so is thus over. **<u>ACCORDINGLY, OUR AGREEMENT TO MAINTAIN MS. TARDIFF ON PAID ADMINISTRATIVE LEAVE WILL BE TERMINATED EFFECTIVE MAY 9, 2022.</u>**

Please let me know immediately if you should have any questions concerning this matter.

Very Truly Yours,

Jocelyn B. Jones

2